WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafael Joaquin Rodriguez Alegria, et al., | No. CV-17-00870-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Lufthansa Aviation Training USA, Inc., | |
| Defendant. | |

Plaintiffs are the personal representatives of Ximena Patricia Alegria Gonzalez, Luis Eduardo Medrano Aragon, and Mohamed Tahrioui, who were among the 150 individuals that died while aboard a Germanwings flight that crashed into the French Alps on March 24, 2015. Plaintiffs bring claims against Lufthansa Aviation Training USA, Inc., formerly known as Airline Training Center Arizona, Inc., alleging that it failed to properly screen, train, and/or supervise Andreas Lubitz, the pilot alleged to be responsible for the crash. (Doc. 8.) Lufthansa has moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment or dismissal based on grounds of *forum non conveniens*. (Doc. 11.)

This action will be dismissed the grounds of *forum non conveniens* and the parties will be directed to litigate this case in Germany. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) (a court need not reach other grounds for dismissal prior to dismissing a case based on *forum non conveniens*). The Court concurs with the decisions issued in *Friday v. Airline Training Center Arizona, Inc.,* CV-16-

00859-PHX-DJH, Doc. 32 (D. Ariz. Mar. 27, 2017), *Oto v. Airline Training Center Arizona, Inc.,* CV-16-01027-PHX-DJH, Doc. 50 (D. Ariz. Mar. 27, 2017), and *Pineda v. Airline Training Center Arizona, Inc.*, CV-17-00760-PHX-ROS, Doc. 25 (D. Ariz. Nov. 8, 2017), which, in all material respects, involved identical considerations to those presented here. The Court has considered all the relevant factors in this case, including the adequacy of the alternative forum,[1] the level of deference accorded to foreign Plaintiffs' choice of forum,[2] and whether the balance of private and public interest factors favor dismissal. *See Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001) (setting forth the factors for determining whether *forum non conveniens* dismissal is appropriate) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947)). Under the reasoning set forth in the above sister-decisions, which are adopted and incorporated by reference here, the Court finds that dismissal based on *forum non conveniens* is warranted. Accordingly,

**IT IS ORDERED**:

1. That Defendant's Motion (Doc. 11) is **granted in part** to the extent that this case is dismissed on grounds of *forum non conveniens*;

2. That dismissal of this action is subject to the following conditions:

   a. The German court in which the action is filed must accept jurisdiction over the case and Defendant;

   b. Defendant must agree to accept service, agree to the jurisdiction of the German court, and make available in Germany, at its expense, all witnesses and evidence that it is required to produce;

   c. Defendant must agree that it will satisfy any judgment imposed by the

---

[1] Although Plaintiffs' opposition includes a subsection entitled "Germany is Not an Adequate Forum," they do not present any actual argument or discussion relevant to that heading. (*See* Doc. 20 at 13-14.) *Cf. Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255 (1981) (in evaluating whether an alternative forum is inadequate, the court considers whether there is a danger that the parties will be "deprived of any remedy or treated unfairly" in that forum).

[2] Plaintiffs are citizens of Venezuela, Columbia, and Morocco, and have no direct contacts with Arizona or the United States.

German court; and

    d. Defendant must agree to waive any available statute of limitations defenses in Germany, provided that Plaintiffs file the case in Germany within **ninety (90) days** of this Order.

3. That if any of the above conditions are not met, Plaintiffs may re-file their complaint in this Court; and

4. That the Clerk of Court shall enter a judgment of **dismissal without prejudice** and terminate this action.

Dated this 28th day of February, 2018.

Honorable Steven P. Logan
United States District Judge